# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 1, 2011

## STATE OF TENNESSEE v. JAVON FRAZIER

### Direct Appeal from the Criminal Court for Shelby County
### Nos. 09-00032, 09-04129      W. Otis Higgs, Jr., Judge

### No. W2010-01657-CCA-MR3-CD  - Filed May 4, 2011

The defendant, Javon Frazier, appeals the trial court's termination of his judicial diversion, arguing that he was denied due process at the revocation hearing, and the State concurs. After review, we reverse the judgment of the trial court and remand for a new revocation hearing.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Andre B. Mathis, Memphis, Tennessee, for the appellant, Javon Frazier.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; and Summer Morgan, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

From the sparse record before us, it appears that in July 2009, the defendant pled guilty in case number 09-00032 to one count of aggravated burglary and in case number 09-04129 to one count of theft of property valued under $500, and was placed on judicial diversion for a period of five years. At some point, the State filed a petition to revoke the defendant's suspended sentence, and the trial court conducted a hearing on the matter on June 15, 2010.

At the revocation hearing, Melissa Williams with the Tennessee Board of Probation and Parole was called by the State and testified that she supervised the defendant's probation. Williams said that the defendant had not complied with the terms and conditions of his probation by: failing to procure consent before changing his residence, not reporting to a supervising officer after September 3, 2009, not making payments toward court costs, being in arrears on his probation fees, not making payments toward restitution, and not providing proof of compliance with his special conditions of probation. Williams elaborated that even though the defendant was on probation for almost a year, he only reported to her one time, which was on September 3, 2009, and called her one time. She eventually conducted a home visit on December 11, 2009, and the defendant's father and sister informed her that the defendant was no longer living there and that they had not spoken to him in several weeks.

On cross-examination, Williams stated that the phone call with the defendant occurred after he had missed his October 2, 2009 report date. She gave him another report date, and he did not show up on the rescheduled date. With regard to the restitution, Williams acknowledged that the defendant actually had until 2014[1] to pay that amount, but she explained that he was supposed to make monthly payments and could be violated for failing to do so.

Asked whether she was aware that the defendant suffered from paranoia schizophrenia, Williams stated that she was not. At that point, the court interjected and stated, "If he does he needs to be in jail, sir. So step down, ma'am, we don't need to go on any further with this. Pass the order in, please. Step down." After the witness was excused, the court announced, "Probation to violate." Defense counsel informed the court that he wanted to call the defendant to testify. The court responded:

> I don't want to hear from you. You can have him examined by a doctor. Let's get a report on him. If he suffers from paranoia schizophrenia I need to know about that. He may be a danger to this community. We need to have him examined by a doctor and see what his mental and physical status is, then we'll go from there. But enter an order.

Defense counsel noted that it was brought out at the defendant's guilty plea hearing that the defendant suffered from paranoia schizophrenia, and the court responded, "Let's enter an order and we will get him some additional relief. You can enter an order and come up with . . . some plan for his mental health treatment and all of that and [the court will] take

---

[1] The Order of Deferment of Sentence states that the defendant had until July 31, 2012, to complete restitution.

a look at it." The State confirmed that the defendant had previously undergone an evaluation, but the court expressed to have the defendant examined again and entered an order terminating his diversion.

## ANALYSIS

On appeal, the defendant argues that the trial court failed to afford him due process when it revoked his diversion without allowing him to testify or call witnesses on his behalf or allowing him to fully cross-examine the State's witness. The State agrees that the trial court denied the defendant of his right to due process.

In Tennessee, if a defendant has been granted judicial diversion and violates the terms of the diversionary probation, the trial court should then follow the same procedures as those used for ordinary probation revocations. Alder v. State, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). The trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation, Tenn. Code Ann. § 40-35-311(e)(1), and the revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. See Black v. Romano, 471 U.S. 606, 613 (1985); Gagnon v. Scarpelli, 411 U.S. 778, 786-790 (1973). However, such defendant is entitled to the "minimum requirements of due process," including: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. Id. at 786; Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

A review of the record in this case makes it clear that the defendant was denied his right to due process at the revocation hearing. The trial court did not allow the defendant to fully cross-examine the State's only witness, refused to allow the defendant to testify or call witnesses on his behalf, and failed to make any written or oral findings regarding the evidence it relied upon and reasons for revoking probation. Therefore, this case must be remanded for a new revocation hearing.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand this case for a new revocation hearing.


_____
ALAN E. GLENN, JUDGE