# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 29, 2013 Session

## STATE OF TENNESSEE v. BRYS ANDREW HENSLEY

**Appeal from the Criminal Court of Knox County**
**No. 95138    Mary Beth Leibowitz, Judge**

---

**No. E2012-00812-CCA-R3-CD - Filed March 4, 2013**

---

Brys Andrew Hensley ("the Defendant") pleaded guilty to one count of reckless aggravated assault and was placed on judicial diversion with a probationary period of two years. The State subsequently alleged that the Defendant had violated the terms of his probation, and, after a hearing, the trial court revoked the Defendant's judicial diversion, entered a judgment of conviction, and sentenced the Defendant. After a second hearing, the trial court denied the Defendant's motion to reconsider its previous ruling, and this appeal followed. We hold that, in revoking the Defendant's diversion and probation, the trial court failed to exercise its statutory discretion and thereby committed reversible error. Accordingly, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Reversed; Remanded**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

John E. Eldridge, Knoxville, Tennessee, for the appellant, Brys Andrew Hensley.

Robert E. Cooper, Jr., Attorney General & Reporter; John H. Bledsoe, Senior Counsel; Randall E. Nichols, District Attorney General; and Jeff Blevins, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

By information filed July 21, 2010, the Defendant was charged with reckless aggravated assault causing bodily injury to the victim while using a deadly weapon. On the same date, the Defendant pleaded guilty to the charged offense, a Class D felony.[1] By written order entered September 8, 2010, the trial court placed the Defendant on judicial diversion with a probationary period of two years.

Approximately one year later, the Defendant again was charged with aggravated assault, and he pleaded guilty to the lesser offense of assault in October 2011. The State then sought to have the Defendant's judicial diversion revoked. After a hearing, a transcript of which is not included in the appellate record,[2] the trial court revoked the Defendant's judicial diversion and entered a judgment of conviction. The trial court sentenced the Defendant to two years in the Tennessee Department of Correction, suspended to probation. The trial court entered the judgment order on February 2, 2012.

On February 21, 2012, the Defendant filed a "motion to reconsider revocation of judicial diversion." The trial court held a hearing on this motion on March 27, 2012. A transcript of this hearing is included in the appellate record. The trial court made clear its understanding that, under this Court's reported decision of State v. Johnson, 15 S.W.3d 515 (Tenn. Crim. App. 1999), once it determined that the Defendant had violated the terms of his judicial diversion, it had no choice but to revoke diversion, enter a judgment of conviction, and impose sentence. Accordingly, the trial court denied the Defendant's motion. On April 19, 2012, the Defendant filed a notice of appeal from the trial court's decision to revoke his judicial diversion.

## Analysis

### *Timeliness of Notice of Appeal*

Initially, the State asks us to dismiss this appeal as untimely because the Defendant's notice of appeal was not filed until more than thirty days after the trial court entered the

---

[1] See Tenn. Code Ann. § 39-13-102(a)(2), (e)(1) (2010).

[2] During the oral argument of this case, this Court requested defense counsel to supplement the record with a transcript of the original revocation hearing. Although defense counsel has failed to supplement the record as requested, we have determined that the record is nonetheless adequate for our review of the issue presented on its merits.

judgment of conviction. <u>See</u> Tenn. R. App. P. 4(a). As correctly pointed out by the State, a motion for reconsideration does not toll the time for filing a timely notice of appeal. <u>See</u> <u>State v. Rockwell</u>, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

Nevertheless, this Court may waive the filing requirement "in the interest of justice." Tenn. R. App. P. 4(a). The Defendant requests that we do so because of an "apparent conflict" between this Court's decision in <u>Johnson</u> and the relevant statute, Tennessee Code Annotated section 40-35-313(a)(2) . We have determined that clarification of our decision in <u>Johnson</u> would serve the interest of justice. Therefore, we waive the Defendant's procedural default in failing to file timely his notice of appeal. We will address the merits of the Defendant's issue.

*Violation of Judicial Diversion*

Our criminal code provides that, when certain qualified defendants plead guilty to certain enumerated offenses, the trial court "may defer further proceedings . . . and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty . . . ." Tenn. Code Ann. § 40-35-313(a) (2010). Our courts refer to this form of "legislative largess" as "judicial diversion." <u>State v. Schindler</u>, 986 S.W.2d 209, 211 (Tenn. 1999). A defendant placed on judicial diversion who completes his or her term of probation successfully may "receive an expungement from all 'official records' any recordation relating to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." <u>Id.</u> (quoting Tenn. Code Ann. § 40-35-313(b)). Thus,

> [t]he effect of discharge and dismissal under the diversion statute "is to restore the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." When general inquiries are made by prospective employers in non-related civil matters or in other matters not precluded by statute, a criminal defendant granted expungement pursuant to the diversion statute may deny or refuse to acknowledge being arrested, tried, or convicted.

<u>Id.</u> (quoting Tenn. Code Ann. § 40-35-313(b)). Obviously, for a defendant granted judicial diversion, it is in his best interest to remain on judicial diversion until he successfully completes his period of probation.

If a defendant placed on judicial diversion violates the terms of his probation, however, the State may seek revocation. <u>See</u> <u>Alder v. State</u>, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). In addressing the State's allegations, "the trial court should follow the

same procedures as those used for ordinary probation revocations." Id. If the trial court determines that the defendant violated the terms of his judicial diversion, "the court *may* enter an adjudication of guilt and proceed as otherwise provided." Tenn. Code Ann. § 40-35-313(a)(2) (emphasis added).

The General Assembly's use of the permissive term "may" indicates that a trial court retains the discretion to leave the defendant on judicial diversion, even after it finds that the defendant violated the terms of his diversionary probation. Cf. State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999) (holding that, "at the conclusion of a probation revocation hearing, a trial court can: (1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years").

We review a trial court's decision to revoke judicial diversion for an abuse of discretion. Johnson, 15 S.W.3d at 517-18; State v. Doyle W. Pugh, No. E2000-02488-CCA-R3-CD, 2001 WL 920227, at *2 (Tenn. Crim. App. Aug. 15, 2001). "Reviewing courts will find an abuse of discretion only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party." State v. Banks, 271 S.W.3d 90, 116 (Tenn. 2008).

## *State v. Johnson*

In Johnson, the defendant pleaded guilty to simple possession of marijuana and was placed on judicial diversion with a probationary period of eleven months, twenty-nine days. A few months later, the defendant tested positive for drugs and "was cited into court on a probation violation." Johnson, 15 S.W.3d at 517. At the subsequent hearing, the defendant admitted to having used marijuana frequently during his probation. The trial court found that the defendant had violated the terms of his probation *and* revoked judicial diversion. The trial court then sentenced the defendant, and the defendant appealed from his sentence.

In addressing the defendant's appeal, this Court noted specifically that, when a trial court finds that a defendant placed on judicial diversion has violated the terms of his probation, "the court *may* then enter an adjudication of guilt and proceed to sentencing." Id. (citing Tenn. Code Ann. § 40-35-313(a)(2)) (emphasis added). This Court then determined that the record supported the trial court's decision to revoke diversion and proceeded to

address the propriety of the sentence imposed. Id. at 518. This Court concluded that there was no substantive error in the sentence imposed on the defendant.[3] Id.

Although this Court's holding resolved the issue raised on appeal, the panel then decided to "take this opportunity to clarify the procedure to be utilized in cases involving the revocation of judicial diversion" because "[t]here [did] not appear to be a consistent pattern across the state relating to this procedure." Id. The procedure this Court suggested, clearly in dicta, consisted of the following:

> 1. Upon placing a defendant on judicial diversion, the trial court shall enter an order reflecting the grant of judicial diversion, the length and conditions of probation, and that further proceedings are deferred. See Tenn. Code Ann. § 40-35-313(a)(1)(A). This shall be by order and not by the entry of the customary judgment of conviction form. A standard probation order may also be entered. Jail time may not be imposed as a condition of probation under the judicial diversion statute.

> 2. If there is an alleged violation of probation, the matter shall proceed under the ordinary procedure for revocation of probation. See Tenn. Code Ann. § 40-35-311(a).

> 3. If the trial court determines by a preponderance of the evidence that the defendant has violated probation, the trial court may find a violation of probation. See Tenn. Code Ann. § 40-35-311(e).

> 4. Upon finding a violation of probation, the trial court *shall* proceed to sentence the defendant for the original offense. See Tenn. Code Ann. § 40-35-313(a)(2). Sentencing shall proceed pursuant to the standard provisions of the Sentencing Act. See Tenn. Code Ann. § 40-35-101 et seq.

> 5. The trial court shall then enter a standard judgment of conviction form reflecting the sentence. Either under the special conditions portion of the judgment form or by separate order, there should also be a notation that the

---

[3] Although this Court determined that the trial court committed no substantive error in imposing sentence, the trial court entered an order instead of a judgment of conviction. This Court remanded the matter "for entry of a proper judgment of conviction." Johnson, 15 S.W.3d at 519.

judgment is being entered pursuant to the judicial diversion statute based upon a violation of probation.

Id. at 518-19 (emphases deleted, emphasis added). It is the "shall" contained in the first sentence of numbered paragraph 4 that is at issue in this case.

Read in context, we hold that it is clear that this Court used the word "shall" based upon the implicit assumption that the trial court already has exercised its discretion and *determined that it is appropriate to revoke the defendant's judicial diversion*. Indeed, that sequence of two distinct events is what occurred in the case before it. Moreover, this Court later reiterated in other judicial diversion cases that, if a defendant violates the terms and conditions of his diversionary probation, "the trial court *may* enter an adjudication of guilt and proceed to sentence the defendant." Alder, 108 S.W.3d at 266 (emphasis added); see also State v. Ronnie Daniel, No. M2001-01217-CCA-R3-CD, 2002 WL 1402176, at *2 (Tenn. Crim. App. July 1, 2002) (Riley, J.) ("Upon finding a violation of probation by a defendant on judicial diversion, the trial court *may* revoke judicial diversion.") (emphasis added). In Ronnie Daniel, this Court acknowledged that, after a trial court determines to revoke diversion, then the trial court "should . . . proceed to sentence the defendant pursuant to the standard provisions of the Sentencing Act." Ronnie Daniel, 2002 WL 1402176, at *2 (citing Johnson, 15 S.W.3d at 519).

As recognized by our supreme court, a trial court's determination of the proper consequence of a probation violation embodies a *distinct* exercise of discretion. See Hunter, 1 S.W.3d at 646. Thus, properly construed, Johnson's numbered paragraph 4 actually advises the following: "Upon finding a violation of probation, *and then determining that judicial diversion should be revoked*, the trial court shall proceed to sentence the defendant for the original offense."

Construed literally, however, as the trial court apparently did in this case, the dictum contained in paragraph 4 of Johnson could be construed as contrary to the express language of the relevant statute. As set forth above, the judicial diversion statute grants the trial court the discretion to revoke diversion upon its finding of a probation violation. See Tenn. Code Ann. § 40-35-313(a)(2). The statute does not mandate that, upon finding a violation, the trial court must revoke diversion. We hold that it is error to construe Johnson in a fashion that is contrary to this statute, and we further hold that numbered paragraph 4 of Johnson should be construed as set forth above.

-6-

*Application*

In this case, the trial court found that the Defendant had violated the terms of his diversionary probation. Misconstruing <u>Johnson</u> and, consequently, failing to exercise its statutory discretion, the trial court then determined that its finding of a probation violation *required* it to revoke the Defendant's judicial diversion. In so concluding, the trial court committed an error of law. As set forth above, *by statute*, and by proper interpretation of <u>Johnson</u>, the trial court retained the discretion to leave the Defendant on judicial diversion probation even after its determination that the Defendant had violated the terms of his probation. By applying an incorrect legal standard, and consequently failing to exercise its statutory discretion, the trial court committed reversible error. <u>See</u> <u>Banks</u>, 271 S.W.3d at 116.

Accordingly, we reverse the judgment of the trial court and remand this matter to the trial court to determine whether, in its sound discretion, the Defendant's judicial diversion should be revoked and for such other proceedings as may be appropriate.

## **Conclusion**

For the foregoing reasons, this matter is remanded to the trial court for a determination of whether the Defendant's judicial diversion should be revoked and for any further necessary proceedings consistent with this opinion.

_____

JEFFREY S. BIVINS, JUDGE