IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 7, 2013

**STATE OF TENNESSEE v. KENNETH GAINES**

**Appeal from the Criminal Court for Shelby County**
**No. 09-07075     Lee V. Coffee, Judge**

———————

**No. W2012-00333-CCA-R3-CD - Filed May 24, 2013**

———————

Appellant, Kenneth Gaines, was indicted by the Shelby County Grand Jury in September of 2009 with two counts of aggravated assault and one count of reckless endangerment. Appellant pled guilty to all three charges. Pursuant to an agreement with the State, Appellant was placed on judicial diversion for three years under the supervision of the department of probation. The State filed a petition for revocation of Appellant's probation in March of 2011 after Appellant was charged with rape, failed to report the arrest, failed to pay court costs, and failed to pay probation fees. After a jury trial on the rape charge, Appellant was convicted of the lesser included offense of assault. The trial court approved the jury verdict, terminated Appellant's judicial diversion, and set both matters for a sentencing hearing. At the sentencing hearing, the trial court sentenced Appellant to six years for each aggravated assault conviction and two years for the reckless endangerment conviction. The trial court ordered the sentences to run concurrently with each other but consecutively to the six-month sentence Appellant received for the assault conviction, for a total effective sentence of six years and six months. Appellant filed a timely notice of appeal. On appeal, he challenges the termination of judicial diversion without a formal hearing and insists that the trial court imposed an excessive sentence. After a review of the record, we conclude that Appellant's rights to due process were not violated when the trial court made the determination that Appellant violated the terms of his judicial diversion contemporaneously with his trial on subsequent charges. Further, the trial court did not abuse its discretion in sentencing Appellant to an effective sentence of six years and six months. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Phyllis Aluko, Assistant Public Defender, Memphis, Tennessee, for the appellant, Kenneth Gaines.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Terre Fratesi, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Appellant was indicted in November of 2009 by the Shelby County Grand Jury with two counts of aggravated assault and one count of reckless endangerment with a deadly weapon. In March of 2010, Appellant waived his right to a jury trial in exchange for a guilty plea. As part of the agreement, Appellant was placed on judicial diversion for three years under the supervision of the department of probation.

At the guilty plea hearing, the State noted that, had the case gone to trial, the proof would have shown that on July 23, 2009, Appellant assaulted [victims one and two][1] with the use of a deadly weapon. Additionally, the proof would have established that Appellant "unlawfully and recklessly by the use of a deadly weapon engaged in conduct which placed [victims three and four] in imminent danger of death or serious bodily injury." During the guilty plea hearing, the trial court thoroughly discussed the conditions of judicial diversion with Appellant. Appellant indicated his understanding and willingness to participate.

On March 23, 2011, the State filed a petition for revocation of Appellant's probation after he was charged with rape on February 17, 2011. In the petition, the State alleged that Appellant failed to report his arrest, failed to obey the laws of the United States, failed to pay court costs, and failed to pay probation fees.

The rape charge proceeded to trial. At the conclusion of the jury trial, Appellant was convicted of the lesser included offense of assault. During the pendency of the trial, the trial court informed Appellant that it would "carry the petition to terminate your Diversion along with your trial setting." At the conclusion of the trial, the trial court approved the jury's verdict and found "by a preponderance of the evidence that [Appellant] violated . . . Diversion", noting that Appellant was "in places [he] was ordered not to go" and was "using

---

[1]This Court has chosen not to use the names of the victims of the aggravated assaults or reckless endangerment out of an abundance of caution so as to avoid unnecessary identification of victims that may or may not be minors.

and ingesting alcohol to the extent that [he] bothered others," "us[ing] alcohol to an excess and going to places that sold alcohol" all of which were violations of the conditions of diversion. The trial court stated that it would set the matters for a sentencing hearing at which it would decide the punishment for the assault conviction "and the offenses you were placed on Diversion for."

At the sentencing hearing, the trial court determined that Appellant had given inconsistent information to the Court, specifically in his presentence reports, and was "untruthful." Further, the trial court commented that there was nothing "more troubling than having a person on Diversion for shooting at a woman and four and a half months later he's out in the community, having gone out in the community every weekend drinking to an excess and hanging out where he was ordered not to . . . ." The trial court determined that Appellant was eligible for alternative sentencing but that confinement was necessary because measures less restrictive had recently been applied to Appellant as Appellant was on diversion when he committed the assault. As a result, the trial court sentenced Appellant to six years for each aggravated assault conviction and two years for the reckless endangerment conviction. The trial court ordered the sentences to run concurrently with each other but consecutively to the six-month sentence Appellant received for the assault conviction, for a total effective sentence of six years and six months.

On appeal, Appellant argues that the trial court improperly denied diversion without a formal hearing and that the trial court imposed an excessive sentence.

*Revocation of Diversion*

Appellant claims that the trial court improperly revoked diversion without a formal hearing. Specifically, Appellant contends that the trial court's procedure violated due process. The State disagrees.

The Criminal Sentencing Reform Act of 1989 states that, after accepting a guilty plea, a trial court may do the following:

> [D]efer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant. Such deferral shall be for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged, or not more than the period of the maximum sentence of the felony with which the person is charged.

T.C.A. § 40-35-313(a)(1)(A). Judicial diversion is substantially similar to pretrial diversion; however, the decision to grant diversion rests with the trial court, not the prosecutor. *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). The decision of whether to place a criminal defendant on judicial diversion is within the sound discretion of the trial court and that decision will not be reversed on appeal if there is any substantial record evidence to support it. *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000).

When a defendant has been placed on judicial diversion pursuant to section 40-35-313(a)(1)(A) and is accused of violating the conditions of his release, trial courts should review the claim using the same standards and procedures as an ordinary probation revocation. *Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). A trial court may revoke a defendant's probation upon finding by a preponderance of the evidence that the defendant has violated the probation's conditions. T.C.A. § 40-35-311; *State v. Shaffer*, 45 S.W.3d 553(Tenn. 2001). A probation revocation will be upheld on appeal unless there has been an abuse of discretion, which only occurs if the record contains "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 553.

A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. *See Black v. Romano*, 471 U.S. 606, 613 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 786-790 (1973). However, such defendant is entitled to the "minimum requirements of due process," including: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the factfinder regarding the evidence relied upon and the reasons for revoking probation. *Id.* at 786; *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

Appellant complains that the trial court did not conduct a "formal termination of diversion hearing" but instead, after the jury trial on the rape charge, "summarily found that the evidence at trial established that [Appellant] had violated the terms of his diversion on the current case." Further, Appellant complains that the trial court utilized facts that were elicited during the trial on the rape charge to form the basis for the revocation. To the contrary, the record reflects that the trial court stated the following:

> You were also on [d]iversion for this case, and I told you at the time I would carry the petition to terminate your [d]iversion along with your trial setting and

the court, having heard the proof in this case and your testimony; the Court does find by a preponderance of the evidence that you have violated your [d]iversion.

Counsel for Appellant did not object to this procedure or insist on a separate hearing. Prior to trial on the rape charge, Appellant was notified of the pending diversion revocation charges when the State filed a violation of diversion warrant. We do note with some concern that the record does not reflect whether the trial court informed Appellant prior to the start of the trial that the determination on the diversion revocation would be made during the trial. Appellant chose to testify at the trial on the rape charge, during which he admitted that he was arrested after he was placed on judicial diversion, was drinking alcohol, was in an establishment that served alcohol, and committed at least an assault on the victim. Further, at the sentencing hearing, the trial court again reminded Appellant that the revocation of diversion was at issue. The trial court even asked Appellant if he wished to present any witnesses or argument at the sentencing hearing. Counsel for Appellant declined. The trial court stated the reasons for the denial of diversion on the record. The transcript can satisfy the due process requirement of a "written statement" where it shows both the grounds for the revocation and the reasons for the court's findings. *State v. Leiderman*, 86 S.W.3d 584, 590-91 (Tenn. Crim. App. 2002). We conclude that the record herein is sufficient to satisfy due process requirements and supports the revocation of judicial diversion. Appellant is not entitled to relief.

*Sentencing*

Appellant also complains that the trial court issued an excessive sentence based on three enhancement factors. The State disagrees.

Appellate review of sentencing is for abuse of discretion. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *See State v. Bise*, 380 S.W.3d 682, at 707 (Tenn. 2012). Further, when a defendant violates a condition of probation, the trial court may enter an adjudication of guilt and proceed to sentence the defendant for the original offense, pursuant to the provisions of the Sentencing Act. *State v. Johnson*, 15 S.W.3d 515 (Tenn. Crim. App. 1999).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature

and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See Bise*, 380 S.W.3d at 705 n. 41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, under *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. In fact "a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id.* at 706.

In the case herein, the trial court sentenced Appellant to six years for each aggravated assault conviction and two years for the reckless endangerment conviction. The sentences were ordered to be served concurrently. The trial court considered the enhancement factors that Appellant had a previous history of criminal convictions or criminal behavior; that before sentencing he failed to comply with the conditions of a sentence involving release into the community; and that he had no hesitation about committing a crime when the risk to human life was high. *See* T.C.A. § 40-35-114(1), (8), (10). The trial court also considered in mitigation that Appellant was in resource classes in school and was of below average intelligence. While we agree with Appellant that the trial court arguably misapplied enhancement factors, i.e. utilizing the revocation of diversion to enhance the sentence for which Appellant was on diversion in the first place; utilizing the assault charge that occurred after the sentences for which Appellant was on diversion in enhancement; and enhancing based on risk to human life when that is an element of the offense for which Appellant was being sentenced, the sentence received by Appellant is within the proper range and does not "wholly" depart from the Sentencing Act. *Bise*, 380 S.W.3d at 706. Consequently, the trial court did not abuse its discretion and Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.


_____
JERRY L. SMITH, JUDGE