# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 6, 2015

## STATE OF TENNESSEE v. JASPER CLAYTON

### Appeal from the Criminal Court for Shelby County
### No. 09-07601    Paula Skahan, Judge

### No. W2014-00517-CCA-R3-CD  - Filed February 5, 2015

Appellant, Jasper Clayton, pleaded guilty to facilitation of aggravated robbery.  The trial court granted him judicial diversion for a three-year period.  The State petitioned the court to revoke appellant's judicial diversion, and after a hearing, the trial court granted the State's request, revoking appellant's judicial diversion and sentencing him to three years' incarceration.  On appeal, appellant contends that the State failed to comply with due process notice requirements and that the trial court abused its discretion by revoking his diversion.  Following our review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROGER A. PAGE, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Edward Perry Bronston, Memphis, Tennessee, for the appellant, Jasper Clayton.

Herbert H. Slatery III, Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Pamela Stark, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

The sparse record before this court indicates that appellant was indicted by a Shelby County grand jury for facilitation of aggravated robbery.  He pleaded guilty to the offense on February 23, 2010, and the trial court granted his application for judicial diversion.  The diversionary period was for three years, to end on February 25, 2013.

Included in the appellate record, *inter alia*, are three documents from the district attorney general's office styled "Petition for Revocation of Suspension of Sentence," one order dismissing a petition to terminate judicial diversion, and one order terminating diversion. The first petition in the record was filed on October 5, 2011, and the basis listed for termination was that appellant had been arrested on June 2, 2011, for firearm and drug charges. The court's order dismissing the first petition to terminate judicial diversion was entered on December 2, 2011. The second petition to terminate judicial diversion was filed on February 25, 2013, and alleged that appellant owed $7,694.50 in court costs and $395 in probation fees. The second petition also alleged that appellant had been arrested on January 13, 2011, for an aggravated burglary that occurred on November 20, 2010. The second petition set forth that appellant's fingerprints had been found on an exterior bedroom window at the burglarized residence. The final petition to terminate judicial diversion was filed on February 12, 2014, and alleged that appellant was cited for misdemeanor possession of a controlled substance on April 20, 2012, that he failed to appear in General Sessions Court on June 18, 2012, and that he resisted official detention on July 1, 2013, when officers attempted to arrest him on the basis of several warrants. Included in the record as exhibits to the revocation hearing are certified judgment sheets for resisting official detention and possession of a controlled substance. The trial court treated the final petition as an amendment to the February 25, 2013 petition. *See State v. Shaffer*, 45 S.W.3d 553, 555-56 (Tenn. 2001) (holding that a trial court did not abuse its discretion when it revoked a defendant's probation based on allegations in an amended warrant).

The trial court held a hearing on the State's petitions to terminate diversion on February 12 and 13, 2014. At the hearing, counsel for appellant argued that appellant did not have notice of the allegations against him because the revocation warrant only listed the arrest on January 13, 2011, for aggravated burglary but that the general sessions court had dismissed the aggravated burglary case for lack of probable cause.

Andrew Bradford, appellant's probation officer, testified at the hearing that appellant had not complied with the terms of his supervised release. Mr. Bradford said that he initially filed a petition to revoke appellant's judicial diversion in 2011 for an aggravated burglary that allegedly occurred on January 13, 2010.[1] Mr. Bradford testified that a warrant was issued in 2011 with regard to that violation. Mr. Bradford stated that he filed another petition on January 21, 2011. The trial court at that point in Mr. Bradford's testimony stated that it had dismissed that petition. Mr. Bradford said that he filed yet another petition on July 12, 2011, alleging that appellant had been arrested for possession of a firearm as a dangerous

---

[1] The aggravated burglary that Mr. Bradford stated occurred on January 13, 2010, is listed in other documents as having occurred on November 20, 2010, for which appellant was arrested on January 13, 2011. We note that the petitions filed by Mr. Bradford are not in the appellate record.

felon, possession of marijuana with intent to sell, and possession of drug paraphernalia. No warrant was issued in connection with the July 12 petition. Mr. Bradford subsequently filed a petition on August 21, 2012, alleging that appellant failed to report as ordered. Mr. Bradford testified that the last warrant in his file was issued February 25, 2013, and included allegations regarding the aggravated burglary.

On cross-examination, Mr. Bradford stated that appellant was already in custody when Mr. Bradford applied for the warrant that issued on February 25, 2013. Mr. Bradford testified that he filed for warrants twice, once on January 21, 2011, and again on February 25, 2013. He assumed that the first one "was lost." He stated that the purpose of the February 2013 warrant was to keep appellant in custody. Through additional questioning by the assistant district attorney general and the court, Mr. Bradford testified that appellant received misdemeanor citations in 2012.

The trial court ultimately terminated appellant's judicial diversion, finding that he had "clearly been convicted of other offenses that occurred during the original three[-]year term of diversion." The court entered a written order terminating diversion on February 13, 2014. It is from this order that appellant now appeals.

## II.  Analysis

"Judicial diversion is legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all 'official records' any recordation relating to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999) (quoting Tenn. Code. Ann. § 40-35-313(b)). The State may seek to revoke a defendant's judicial diversion if the defendant violates the terms of his or her probation. *See Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). "[T]he trial court should follow the same procedures as those used for ordinary probation revocations" when addressing allegations that a defendant violated the terms of judicial diversion. *Id.* "If the trial court determines by a preponderance of the evidence that the defendant has violated probation," the trial court may terminate judicial diversion and proceed to sentence the defendant. *See State v. Johnson*, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999).

### A.  Due Process

Appellant contends that he was not afforded constitutional notice of the allegations against him because (1) the State filed multiple petitions; (2) one of the petitions included allegations of a new arrest that had already been dismissed by the trial court on December

2, 2011; and (3) he did not receive notice of the allegations until the day of the revocation hearing.  In addition, he also claims that the State did not disclose adverse evidence, did not provide an opportunity for counsel to cross-examine witnesses, and attempted to rely on allegations not included in any petition.  Finally, he contends that the trial court did not issue a written statement regarding its ruling.[2]

In matters of probation revocation, defendants are not entitled to "'the full panoply of procedural safeguards associated with criminal trial'" but nonetheless "must be afforded due process in the revocation proceeding." *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993) (quoting *Black v. Romano*, 471 U.S. 606, 613 (1985)).  The United States Supreme Court set forth the minimum due process requirements for probation revocation proceedings in *Gagnon v. Scarpelli* and include (1) written notice of the allegations; (2) disclosure of adverse evidence; (3) an opportunity to be heard and present witnesses; (4) a conditional opportunity to cross-examine witnesses; (5) "an independent decisionmaker"; and (6) a written statement from the decision maker regarding evidence relied upon and reasons for revocation.  411 U.S. 778, 786 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

In this case, appellant received written notice of the allegations against him in the form of the petitions to revoke his judicial diversion and in the warrant that included his arrest for aggravated burglary.  Because one of the petitions was filed on the day of the hearing, the trial court indicated that it would give appellant more time to prepare his defense if necessary, and the assistant district attorney general repeatedly stated that she would not oppose a resetting of the hearing to give counsel time to prepare against the additional allegations.

Moreover, it is clear from the record that the State provided to appellant the certified judgments that served as adverse evidence against him and that counsel had an opportunity to cross-examine the only witness present at the hearing.  Regarding appellant's contention that the State attempted to rely on allegations not included in any of the petitions, the transcript of the hearing shows that the parties discussed the fact that appellant had been indicted for aggravated robbery.  However, the assistant district attorney general indicated that the State was not including this new charge as a violation of appellant's judicial diversion specifically because the new charge had not been included in any petition, and the trial court explicitly stated that it would not consider that new charge.  In addition, while appellant maintains that the State included in its February 25, 2013 petition an allegation that had been disposed of by the court on December 2, 2011, the record belies this contention.

<hr>

[2] Appellant included this last argument in the section of his brief addressing whether the trial court abused its discretion in revoking his diversion, but in our view it is more appropriately addressed in connection with his due process argument.

The petition disposed of by the trial court on December 2, 2011, included an allegation that appellant had been arrested for drug and firearm charges, and the State did not include this arrest in its subsequent petitions nor did the trial court rely on that arrest in revoking appellant's judicial diversion.

Finally, the trial court clearly stated its reasons for revoking appellant's judicial diversion in its oral ruling, which it incorporated into its written order and which were recorded in the hearing transcript. This was sufficient to satisfy the written findings requirement. *See State v. Leiderman*, 86 S.W.3d 584, 589-91 (Tenn. Crim. App. 2002) (holding that oral findings recorded in a transcript satisfied the "written statement" due process requirement in probation revocation matters). Therefore, we conclude that appellant was afforded due process.

## B. Revocation of Judicial Diversion

Appellant contends that the trial court abused its discretion in revoking appellant's judicial diversion because the trial court did not conduct a hearing within a reasonable time and because the trial court's ruling was ambiguous. The State responds that appellant waived his argument regarding the time frame because it was not addressed in the trial court and that the trial court's ruling was not ambiguous. We agree with the State.

We review a trial court's revocation of judicial diversion for abuse of discretion. *Johnson*, 15 S.W.3d at 517-18. An abuse of discretion will be found only if there is "no substantial evidence to support the conclusion of the trial judge." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citations omitted). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *Id.* (citing *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

Regarding appellant's assertion that the trial court abused its discretion by failing to conduct a hearing within a reasonable time, we note that there was a period of nearly one year between the date that would have ended appellant's diversion and the revocation hearing. Also, included in the record is a letter from appellant to the trial court asking for a hearing to be set. However, appellant did not address the delay at the revocation hearing. Thus, we must conclude that he waived the argument. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Moreover, the record indicates that appellant was incarcerated for other charges at least part of the time during the delay. Waiver notwithstanding, we cannot determine based on the record before us whether the hearing was or was not

conducted "at the earliest time practicable" as required by Tennessee Code Annotated section 40-35-311(b).

Appellant's next argument is that the trial court's ruling was insufficient because it was ambiguous and because the court did not address all of the State's allegations. However, our review of the record indicates that the trial court's ruling was clear and succinct. The trial court relied on appellant's convictions for new charges, which was sufficient to revoke appellant's judicial diversion. Therefore, we conclude that appellant is without relief.

## CONCLUSION

Based on the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE