# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 12, 2015

## STATE OF TENNESSEE v. ASHLEY MARIE PRETZER

### Appeal from the Circuit Court for Bedford County
### No. 17489      Franklin Lee Russell, Judge

_____

### No. M2014-02127-CCA-R3-CD – Filed September 29, 2015

_____

The trial court granted judicial diversion for the Defendant, Ashley Marie Pretzer, on several drug-related charges in an eighteen-count indictment. The Defendant agreed to be on supervised probation for a period of eight years. Two years later, the Defendant's probation officer filed an affidavit with the trial court alleging that the Defendant had violated the terms of her probation by failing a drug screen. The trial court issued a probation violation warrant, and, thereafter, the police arrested the Defendant for driving under the influence, failing to prove financial responsibility, and possessing drug paraphernalia. The Defendant's probation officer amended his affidavit to include these new charges. The trial court held a hearing on the Defendant's alleged probation violations during which she admitted to the violations. The trial court revoked the Defendant's judicial diversion and sentenced her to serve a sentence of eight years in confinement. On appeal, she contends that the trial court improperly required her to serve the balance of her sentence rather than reinstate her sentence of probation. After a thorough review of the record, we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ. joined.

Donna Orr Hargrove, District Public Defender; Michael Jonothan Collins, Assistant District Public Defender, for the appellant, Ashley Marie Pretzer.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Robert Carter, District Attorney General; and Michael David Randles and Richard A. Cawley, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## I. Facts

This case arises from the Defendant's admitted probation violation of her judicially diverted convictions. On November 16, 2012, the trial court judicially diverted the Defendant's guilty pleas to two counts of possession of a schedule II drug for resale, a Class C felony, one count of possession of a schedule III drug, and two counts of forgery in the amount of $500 or less, a Class E felony. The parties agreed to an effective sentence of eight years, to be served at thirty percent. The trial court judicially diverted her convictions conditioned upon her successful completion of eight years of supervised probation. In accordance with the plea, the trial court entered orders dismissing eleven additional counts.

The transcript of the guilty plea submission hearing is not included in the record. In the record, however, is a handwritten statement that the Defendant gave to police in which she admitted that she had been involved in picking up prescription pills for four months. She said that a man, K.H., had approached her and offered her the opportunity to make some extra money. He said that he would pay her $100 if she agreed to drop off and pick up a prescription. She said that she had also picked up a "couple of Lortab prescriptions at CVS." The Defendant said that she never sold any of the pills. Also included in the record are copies of prescriptions written to the Defendant for Oxycodone

2

and copies of receipts from CVS listing the Defendant as the patient and the prescribed drug as Hydrocodone. Also included in the record are transcripts from text messages presumably from the Defendant to another woman during which the other woman asks the Defendant for two "dubs" and, on another occasion, "Quake." Other text conversations exchanged from the Defendant's phone refer to "21 on oxy" and appear to be conversations about where and when to purchase prescription drugs.

On August 7, 2014, the trial court issued a warrant for the Defendant's arrest based upon an alleged probation violation. The Defendant's probation officer's affidavit, which was attached to the warrant, alleged that the Defendant had tested positive on July 8, 2014, for THC (marijuana) in a random drug screen. The trial court issued another warrant on October 9, 2014, based upon an amended affidavit, which alleged that the Defendant had been arrested on October 6, 2014, for DUI, failure to prove financial responsibility, and possession of drug paraphernalia.

The trial court held a hearing on October 24, 2014, during which the parties presented the following evidence: The Defendant agreed that she had violated one or more of the terms of her judicial diversion. She said that she only wanted to be heard about the disposition of her punishment. During further questioning, the Defendant agreed that she had violated her probation by testing positive for marijuana and by being charged with new offenses, which were still pending. She stated that she had made a

"stupid mistake" when she had used marijuana, in part because she was "hanging around the wrong person and was convinced into joining them in smoking marijuana." The Defendant stated that she was employed and worked six days per week as a nail technician.

During cross-examination, the Defendant stated that the drug paraphernalia that she allegedly possessed was a "grinder," which was often used for marijuana or tobacco. She further stated that her DUI was based upon a blood test, but she said that she did not know the results. The Defendant agreed that her positive marijuana test was from July 8, 2014, and that the only other times she had been drug tested were in February 2013 and November 2012. She stated that the only time that she had used drugs within that time period was the time that she tested positive in July 2014.

Based upon this evidence, the trial court found:

Well, I think because of her demeanor and her obvious intelligence, it makes it hard to do what I have to do in this case. Why you go two years behaving yourself – assuming we know that. Of course, here's the problem, when someone's convicted on drug charges, they don't need to be tested just every other Christmas. They need to be tested regularly and randomly so we know early on when they've slid off the, off the path, but anyway, I've made that speech plenty of times, so I won't do it again.

But driving under these circumstances, and with the grinder back there, and positive for marijuana, I just don't feel that I have any choice but to set aside her diversion and sentence her to the sentence that she took previously . . . .

The trial court entered a written order confirming its judgment. It then entered judgments of conviction for the Defendant for each of the diverted offenses. It is from these judgments that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it ordered her to serve the balance of her sentence in confinement. The State counters that the Defendant has failed to show that the trial court erred. We agree with the State.

"Judicial diversion is legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all 'official records' any recordation relating to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999) (quoting T.C.A. § 40-35-313(b)). The State may seek to revoke a defendant's judicial diversion if the defendant violates the terms of his or her probation. *See Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). "[T]he trial court should follow the same procedures as those used for ordinary probation revocations" when addressing allegations that a defendant violated the terms of judicial diversion. *Id.* "If the trial court determines by a preponderance of the evidence

5

that the defendant has violated probation," the trial court may terminate judicial diversion and proceed to sentence the defendant. *See State v. Johnson*, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999).

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. § 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In

order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the case before us, the Defendant admitted she had violated her probation and waived her right to challenge the allegations at a hearing. The Defendant's admission, as well as the record, provided substantial evidence to support the trial court's revocation of probation. After the trial court accepted the Defendant's admission, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve her sentence in incarceration.

The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *Hunter*, 1 S.W.3d at 647. Case law establishes that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing. *State v. Jeffrey A. Warfield*, No. 01C019711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of her probation by testing positive for marijuana. She also received additional charges for DUI, based upon a blood test, and for having drug paraphernalia, a "grinder," in her vehicle. Accordingly, the trial court was justified in revoking the Defendant's judicial diversion. Further, it was within the trial court's authority to order the Defendant to serve her original sentence upon revoking the Defendant's judicial diversion. We conclude that the trial court did not err when it ordered the Defendant to serve her eight year sentence in incarceration. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgments.

_____

ROBERT W. WEDEMEYER, JUDGE

8