IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 13, 2018

**STATE OF TENNESSEE v. BRENT GARRETT LAMBERT**

**Appeal from the Circuit Court for Madison County**
**No. 15-135    Donald H. Allen, Judge**

_____

**No. W2017-01873-CCA-R3-CD**

_____

Defendant, Brent Garrett Lambert, entered an open guilty plea to one count of facilitation of robbery. The trial court sentenced Defendant to a period of four years on judicial diversion. A violation of probation warrant was issued, alleging various grounds for the revocation of probation. After a hearing, Defendant was removed from judicial diversion. The trial court imposed a sentence of four years in incarceration, denying an alternative sentence. Defendant appeals to this Court, arguing that the trial court improperly ordered him to serve his sentence of four years in incarceration. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

George Morton Googe, District Public Defender; Gregory D. Gookin, Assistant District Public Defender, for the appellant, Brent Garrett Lambert.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 2, 2015, Defendant was indicted for two counts of aggravated robbery by a Madison County Grand Jury. The indictment named three co-defendants. Defendant entered a guilty plea to one count of facilitation of robbery, a Class D felony. The trial court merged count two into count one, resulting in one conviction for

facilitation of robbery. At the guilty plea hearing, counsel for the State indicated that, had the case gone to trial, the State would have proven that Defendant and three codefendants robbed the victim by hitting him with a gun and a bottle. One of the codefendants took the victim's keys, and Defendant took the victim's wallet from his pocket.

On September 30, 2016, a warrant alleging a violation of probation was issued. In the affidavit accompanying the warrant, the community corrections case officer listed the following violations:

1. Failed to report to the community corrections office as directed. [Defendant] last reported on 06/23/16.
2. Failed to make monthly court payments. [Defendant] has only made four payments of $50.00 each, and the last payment was 5/2/16.
3. Failed to pay supervision fees as directed. [Defendant] last paid supervision fees in May 2016.

On May 1, 2017, the trial court issued an amended warrant, alleging that Defendant:

1. Failed to obey the law by committing the offense of criminal impersonation. [Defendant] was convicted in McNairy County General Session Court #2017-CR-568 on 04/14/17.
2. Failed to report new arrest. [Defendant] was arrested in McNairy County on 02/25/17. [Defendant] did not report this new arrest or conviction.

On May 2, 2017, Defendant waived a formal hearing and admitted that he violated the terms and conditions of judicial diversion. Defendant explained to the trial court that transportation problems led to his failure to report and that his low income prevented him from making timely payments. Additionally, Defendant explained that he was incarcerated in another county on the new charges and therefore prevented from reporting the charges. The trial court "removed" Defendant from judicial diversion for failure to report, failure to pay costs and supervision fees, receiving a new conviction, and failing to report a new arrest. The trial court ordered a presentence report and scheduled a sentencing hearing.

At the sentencing hearing, Defendant testified that he had been incarcerated for 101 days. Defendant explained that he entered the "Celebrate Recovery" program five weeks prior to the sentencing hearing. Defendant expressed willingness to complete the

program if he were granted probation. Defendant had two young children, ages two and three.

Defendant admitted that a drug "relapse" led to his recent criminal conviction. At first, Defendant used marijuana, and eventually, he used methamphetamine. However, Defendant realized he made a bad decision and decided it was time to get clean. Defendant explained that he "learned that [he was] not in control of [his] life."

Defendant told the trial court that he was unable to report his arrest because he was incarcerated in another county and did not have his probation officer's phone number. Defendant claimed that he tried to get his mother and his girlfriend to contact the probation officer. Defendant admitted that he was "young and dumb and not doing what [he] was supposed to be doing." Defendant also explained that he did not have transportation.

Defendant's girlfriend, Brittny Logan, explained that she was the mother of Defendant's two children. Both of the children had health issues, the son was being treated for epilepsy and the daughter was about to start treatment for her thyroid.

Defendant's community corrections officer, Marcus Jones, testified at the hearing that Defendant stopped reporting on June 23, 2016. Officer Jones learned about Defendant's new arrest only after he saw Defendant's name on the McNairy County court docket. Defendant did not report this new arrest to Officer Jones. In fact, Defendant never spoke to Officer Jones again.

At the conclusion of the sentencing hearing, the trial court commented that Defendant was originally placed on judicial diversion and, "[u]nfortunately, he has violated the law and he stopped reporting to his probation officer." The trial court also determined that Defendant failed to pay court costs, restitution, and supervision costs. The trial court noted how "serious" the underlying charges in the case were where a "victim was robbed at gunpoint and suffered injuries." The trial court considered Defendant's statement and his potential for rehabilitation as well as his potential for treatment. The trial court determined that Defendant's sentence should be enhanced on the basis that Defendant has a previous history of criminal convictions and/or criminal behavior in addition to those necessary to establish the range. To support the application of this enhancement factor, the trial court noted Defendant's drug and alcohol use as well as the criminal behavior committed while on probation. Additionally, the trial court noted Defendant's other criminal convictions including driving on a revoked license, a conviction he received while on probation and Defendant's failure to report those to his probation officer. *See* § T.C.A. 40-35-114(1). The trial court also considered the fact that Defendant had already failed to comply with the conditions involving release into the

community.  *See* T.C.A. § 40-35-114(8).  The trial court did not find any mitigating factors present, specifically noting Defendant's untruthfulness.  The trial court noted that Defendant was still ordered to pay restitution and that Defendant was not "very sincere" about his situation.  As a result, the trial court determined that Defendant was not a candidate for alternative sentencing and that a sentence of four years was appropriate.

*Analysis*

On appeal, Defendant challenges the trial court's denial of "any form of alternative sentencing."  Specifically, Defendant argues that he would have benefitted from "some sort of rehabilitation or treatment instead of incarceration."  The State disagrees.

Judicial diversion is a form of probation that affords certain qualified defendants the opportunity to avoid a permanent criminal record.  *See* T.C.A. § 40-35-313(a)(1)(A).  If a defendant qualifies for judicial diversion, a trial court may defer proceedings without entering a judgment of guilt, placing the defendant on probation without categorizing the defendant as a convicted felon.  *Id.*  Upon successful completion of the probationary period, the trial court will dismiss the charges and the defendant may seek expungement of the record, which "restore[s] the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information."  *State v. King*, 432 S.W.3d 316, 323 (Tenn. 2014) (quoting *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999)) (internal quotation marks omitted); *see* T.C.A. § 40-35-313(a)(2), (b).  However, if the defendant violates the terms of his or her probation, "the court may enter an adjudication of guilt and proceed as otherwise provided."  T.C.A. § 40-35-313(a)(2).  "Judicial diversion is a form of 'legislative largess' available to qualified defendants who have entered a guilty or nolo contendere plea or have been found guilty of an offense without the entry of a judgment of guilt."  *King*, 432 S.W.3d at 323 (quoting *Schindler*, 986 S.W.2d at 211).  If it is alleged that a defendant on judicial diversion has violated the terms and conditions of diversionary probation, the trial court should follow the same procedures as those used for ordinary probation revocations.  *Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002); *State v. Johnson*, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999).

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation."  T.C.A. § 40-35-311(e)(1).  After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years.  T.C.A. §§ 40-35-308, -310.  The revocation of probation rests in the sound discretion of the trial court and will not be

overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

In this case, Defendant admitted he had violated the terms of his judicial diversion. Despite his excuses, Defendant admitted that he was charged with and pled guilty to additional crimes and that he failed to report to the probation officer that he received an additional arrest. "[A d]efendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation." *State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at \*4 (Tenn. Crim. App. June 8, 2016) (citing *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at \*4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*), *no perm. app. filed*. Furthermore, the trial court did not abuse its discretion in ordering Defendant to serve his sentence in confinement rather than on probation. This Court has "repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Casey Dupra Drennon*, No. M2014-02366-CCA-R3-CD, 2015 WL 6437212, at \*2 (Tenn. Crim. App. Oct. 23, 2015) (quoting *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at \*2 (Tenn. Crim. App. Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999)), *no perm. app. filed*; *see also State v. Timothy A. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at \*2 (Tenn. Crim. App. Feb. 11, 2002), *no perm. app. filed*. The trial court considered Defendant's testimony and concluded that he failed to accept responsibility for his actions and was not generally sincere. The trial court did not abuse its discretion in finding that Defendant violated the terms of his probated sentence and acted well-within its authority by revoking probation and ordering Defendant to serve four years in confinement. Defendant is not entitled to relief.

_____
TIMOTHY L. EASTER, JUDGE

- 5 -