IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 24, 2002 Session

## SHANNA DEAN ALDER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 64064     Mary Beth Leibowitz, Judge**

**No. E2002-00287-CCA-R3-PC**
**August 28, 2002**

The petitioner appeals the denial of her petition for habeas corpus relief. She contends the trial court was without authority to revoke her judicial diversion after her diversionary probation expired, absent the issuance of a revocation warrant prior to its expiration. She, therefore, argues the trial court was without jurisdiction when it revoked judicial diversion, was consequently without jurisdiction when it sentenced her to additional years of probation, and was without jurisdiction when it subsequently issued a probation revocation warrant. We agree and reverse the denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Herbert S. Moncier, Knoxville, Tennessee, for the appellant, Shanna Dean Alder.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Patricia A. Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 29, 1997, the petitioner pled guilty to vehicular homicide. The trial court entered an order placing her on judicial diversion and placed her on three years of supervised probation. Thus, the petitioner's diversionary period was set to expire September 29, 2000.

The petitioner's probation officer submitted a violation report directly to the trial judge on October 5, 1999, indicating a fee arrearage. The report stated no revocation warrant was being requested. There is no indication the petitioner received a copy of the report, nor was it filed with the court clerk. No motion was filed by the state to revoke diversion.

On August 23, 2000, the probation officer submitted another violation report directly to the trial judge indicating the petitioner had positive drug screens in June and July, 2000, and other violations. The report requested that diversion be revoked. Again, there is no indication the petitioner received a copy of the report, nor was it filed with the court clerk. According to the trial judge, the report was placed in the trial judge's personal file. No revocation warrant was issued, and no motion was filed by the state to revoke diversion.

Although the record is somewhat unclear, the case was apparently set for a "checkpoint" on September 15, 2000. By letter dated September 7, 2000, from the probation officer, the petitioner was notified to appear on September 15th. The letter did not state that any violation had been filed. The trial court's minute entry for September 15th simply indicates that "[t]his case is continued to November 3, 2000." The trial judge stated that her recollection of that appearance was that the parties appeared and were made aware of possible violations, and the case was reset to November 3, 2000, to allow the petitioner to secure new counsel because her then-attorney had become a judge. However, no evidence was introduced concerning this September 15th appearance other than the minute entry. There is no indication in the record before this court that the petitioner received a copy of the violation report at this appearance, nor is there competent evidence in the record to indicate petitioner's acknowledgment of being charged with a violation or the details of any alleged violations. Certainly, there is no indication the petitioner waived the filing of a revocation warrant. Further, it is undisputed that a revocation warrant was never issued.

On November 3, 2000, the trial court entered a judgment of conviction revoking judicial diversion and sentencing the petitioner to three years of probation. Neither a revocation warrant nor a motion by the state to revoke diversion was ever filed. The defendant did not appeal the judgment.

On March 1, 2001, a probation violation warrant was issued alleging a positive drug screen and failure to pay probation fees. On March 21, 2001, the defendant, with different counsel, filed a motion to dismiss the probation revocation warrant in which she alleged the November 2000 judgment of conviction against her was void because it was entered after the diversionary period expired. The motion was denied by the trial court. This court denied the petitioner's request for an interlocutory appeal and /or extraordinary appeal. *See* State v. Shanna Alder, E2001-01425-CCA-R9-CD (Tenn. Crim. App. July 28, 2001, at Knoxville), *perm. to app. denied* (Tenn. 2001).

The petitioner filed the instant application for post-conviction relief and for habeas corpus relief on September 10, 2001, which was denied by the trial court on January 18, 2002. The trial court held the petitioner's period of diversion did not expire automatically at the end of the three years in the absence of an order of discharge from diversion and, therefore, it retained authority to sentence the defendant when it entered judgment on November 3, 2000. It further held the November 2000 sentence did not violate double jeopardy.

# I. POST-CONVICTION RELIEF AND HABEAS CORPUS

The petitioner seeks post-conviction and habeas corpus relief. She argues the November 2000 judgment of conviction and resulting sentence are void due to the trial court's absence of jurisdiction after the diversionary period expired. We must agree.

Grounds for post-conviction relief exist when a conviction or sentence is void or voidable due to the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203 (1997); State v. Wilson, 31 S.W.3d 189, 194 (Tenn. 2000). A writ of habeas corpus may issue only where it is plain from the record the court lacked jurisdiction or authority to sentence a defendant or the sentence has expired. Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002).

Appellate review of the trial court's findings of fact in a post-conviction proceeding is *de novo* with a presumption of correctness, while review of questions of law is *de novo* with no presumption of correctness. Miller v. State, 54 S.W.3d 743, 745 (Tenn. 2001). The determination of whether habeas corpus relief should be granted is a question of law; therefore, appellate review is *de novo* with no presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). The material facts before this court are undisputed, and our review is limited to questions of law. Therefore, we review the trial court's conclusions *de novo* with no presumption of correctness.

# II. JUDICIAL DIVERSION

A defendant who pleads guilty or is found guilty of certain offenses may be allowed judicial diversion, a statutory process by which the trial court may defer further proceedings without entering a judgment of conviction. Tenn. Code Ann. § 40-35-313(a)(1)(A) (Supp. 2001). The defendant is placed on probation with reasonable conditions for a specified period of time not exceeding the maximum sentence for the offense. *Id.* If the defendant then violates the terms and conditions of the diversionary probation, the trial court may enter an adjudication of guilt and proceed to sentence the defendant. *Id.* at (a)(2).

If it is alleged that a defendant on judicial diversion has violated the terms and conditions of diversionary probation, the trial court should follow the same procedures as those used for ordinary probation revocations. State v. Johnson, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999). These procedures are set forth in Tennessee Code Annotation section 40-35-311 (Supp. 2001). *Id.* When a trial court learns a defendant has allegedly violated his or her probation, the trial court should issue a probation revocation warrant. Tenn. Code Ann. § 40-35-311(a) (Supp. 2001). If the trial court, following a hearing, determines by a preponderance of the evidence that the defendant has indeed violated the conditions of probation, the trial court may revoke the defendant's probation. *Id.* at (e).

Generally, revocation may occur only within the probationary period. State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001); *see* Tenn. Code Ann. § 40-35-310 (1997). However, if a probation revocation <u>warrant</u> is issued within the term of probation, it tolls the limitation of time in which the

court may act to revoke probation. Shaffer, 45 S.W.3d at 555*; State v. Clark*, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). The filing of a probation violation report during the probation term is insufficient to toll the limitations period. State v. Randall Anthony, No. W2000-02234-CCA-R3-CD, 2001 WL 792609, at *4 (Tenn. Crim. App. July 6, 2001, at Jackson). Thus, it is the filing of a revocation warrant, not the report, that tolls the limitations period. *See generally*, Shaffer, 45 S.W.3d at 555.

The state argues that the trial court had continuing jurisdiction until such time as it entered an order terminating the petitioner's judicial diversion. If this were correct, the trial court could retain jurisdiction indefinitely and revoke diversion years after the expiration period, provided the infraction occurred during the diversionary period. However, Tennessee Code Annotated section 40-35-313(a)(1) provides the period for judicial diversion is limited to a specific length of time as set by the trial court. More importantly, the trial court "*shall* discharge [the defendant] and dismiss the proceedings" at the end of the period of diversion if there are no violations of probation conditions. Tenn. Code Ann. § 40-35-313(a)(2) (Supp. 2001) (emphasis added). The dismissal requirement is mandatory, and the trial court is without any discretion. In our view, the failure of a defendant to file a formal request for discharge and dismissal does not give the trial court continuing jurisdiction *ad infinitum*.

In summary, we conclude that the revocation of judicial diversion based upon violations of diversionary probation conditions is guided by the same requirements as those for the revocation of ordinary probation. The revocation must be initiated during the diversionary period by the filing of a revocation warrant or by the proper filing of the state's petition to revoke.

In the instant case, the probation officer relayed the probation violation reports directly to the trial judge; however, the reports were not filed with the clerk nor served on the petitioner. No revocation warrant nor petition to revoke was filed before the term of judicial diversion expired. Absent such a filing, the trial court was statutorily required to discharge the petitioner and dismiss the proceedings at the end of the period of diversion; namely, September 29, 2000. Therefore, the trial court was without jurisdiction to revoke the petitioner's diversion or sentence her when it entered judgment on November 3, 2000. Thus, we must conclude the revocation of judicial diversion and the resulting sentence are void. The petitioner is entitled to habeas corpus relief.

### III. DOUBLE JEOPARDY

The petitioner further argues the sentence entered by the trial court on November 3, 2000, violated double jeopardy because she had already been punished under the conditions of her probation for judicial diversion. We disagree with this contention.

The judicial diversion probationary period is not a sentence nor is it punishment. In addition, there is no double jeopardy protection against revocation of probation and imposition of imprisonment; a defendant does not have "the right to know at any specific moment in time what the

exact limit of his [or her] punishment will turn out to be." <u>United States v. DiFrancesco</u>, 449 U.S. 117, 137, 101 S. Ct. 426, 437, 66 L. Ed. 2d 328 (1980); *see also* <u>State v. Griffith</u>, 787 S.W.2d 340, 342 (Tenn. 1990) (holding that resentencing under the Community Corrections Act to a sentence greater than the original sentence is no double jeopardy violation). Furthermore, judicial diversion can only be imposed with the defendant's consent. Tenn. Code Ann. § 40-35-313(a)(1)(A) (Supp. 2001). Where a defendant consents to the largess and conditions of judicial diversion, there is no double jeopardy violation if judicial diversion is later revoked and the defendant is sentenced.

## CONCLUSION

We find the petitioner is entitled to habeas corpus relief. We reverse the trial court's order and remand to the trial court for the entry of an appropriate order.

_____
JOE G. RILEY, JUDGE