IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2011

## STATE OF TENNESSEE v. TALMADGE S. CROWDER

**Direct Appeal from the Criminal Court for Wilson County**
**No. 08-CR-871        David Earl Durham, Judge**

**No. M2010-01341-CCA-R3-CD - Filed July 12, 2011**

The defendant, Talmadge S. Crowder, challenges the revocation of his diversionary status, maintaining that the trial court abused its discretion in determining that he violated an Order of Protection and using that violation as a basis for the revocation. After a thorough review of the record, we conclude that there was sufficient evidence for the trial court to determine that the defendant violated the terms of his release by violating an Order of Protection, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Mike Mosier, Jackson, Tennessee (on appeal), and James Marshall, Columbia, Tennessee (at trial) for the appellant, Talmadge S. Crowder.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Thomas H. Swink, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following the entry of his plea of guilty to a charge of aggravated statutory rape in March 2010, the defendant was given a four-year suspended sentence and placed on judicial diversion pursuant to Tennessee Code Annotated Section 40-35-313(a)(1)(A). On March 31, 1010, a violation of probation warrant was issued charging the defendant with violating an Order of Protection. This warrant was amended some weeks later to include the defendant's subsequent arrest for domestic assault. Following a hearing on May 10, 2010, the trial court found by a preponderance of evidence that the defendant had violated an Order of Protection

but dismissed the amended violation for domestic assault. The trial court revoked the defendant's probation, reinstated the judgment as originally entered, gave the defendant credit for time served, and then reinstated the defendant's probation and extended it for one year. This appeal promptly followed.

The defendant's sole claim on appeal is that the trial judge abused his discretion by revoking his diversionary status. When a defendant has been placed on judicial diversion pursuant to section 40-35-313(a)(1)(A) and is accused of violating the conditions of his release, trial courts should review the claim using the same standards and procedures as an ordinary probation revocation. *Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). A trial court may revoke a defendant's probation upon finding by a preponderance of the evidence that the defendant has violated the probation's conditions. T.C.A. § 40-35-311; *State v. Shaffer*, 45 S.W.3d 553(Tenn. 2001). A probation revocation will be upheld on appeal unless there has been an abuse of discretion, which only occurs if the record contains "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 553.

The foundation of the defendant's claim is that the record lacks substantial evidence to support the trial court's determination that the defendant made several phone calls to his ex-girlfriend's phone, in violation of a previously-existing *ex parte* restraining order. At the defendant's revocation hearing, the defendant's ex-girlfriend testified that the defendant called her multiple times while the order was in effect and that, while all the calls came from unrecognizable, unavailable, or restricted phone numbers, the defendant spoke to her on at least two occasions and that she immediately recognized his voice from having been in a relationship with him for more than eight years. During her testimony, the State introduced the witness's phone records, which partially corroborated her claims by showing that her cell phone received incoming calls from unavailable or restricted phone numbers on the dates and times in question. This evidence amply supports the trial judge's conclusion that the defendant violated the terms of his release.

While the defendant did his best to challenge his ex-girlfriend's testimony at the revocation hearing by (1) establishing that she had a motive to fabricate her testimony in order to retain control over some of the defendant's furniture, (2) showing that she had made prior inconsistent statements at a preliminary hearing, and (3) taking the stand himself and testifying that he never contacted her, these efforts sufficed only to create a conflict with the State's evidence, not entirely erase it. "In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge, who is in the best position to observe witness demeanor." *State v. Beard*, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In this case, the trial judge resolved the credibility issue against the defendant, and we will not disturb that conclusion on appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE