IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2017

## STATE OF TENNESSEE v. DELMONTAE GODWIN

**Appeal from the Circuit Court for Madison County**
**No. 16-272   Donald H. Allen, Judge**

_____

## No. W2017-00964-CCA-R3-CD

_____

The defendant, Delmontae Godwin, appeals the revocation of his judicial diversion by the Madison County Circuit Court.   The defendant contends the trial court improperly revoked his diversion.  After our review, we affirm the trial court's revocation pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Delmontae Godwin.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown and Brian Gilliam, Assistant District Attorneys General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The juvenile defendant was indicted for aggravated burglary, theft of property over $1,000, and vandalism of property over $1,000.  Tenn. Code Ann. §§ 39-14-103; -403; -408.   According to the record, the defendant had minimal involvement in the commission of the crimes as he did not actively participate in the burglary from which a Chevrolet Impala, three firearms, two televisions, and a water jug full of coins were stolen.  Rather, the defendant was picked up in the stolen vehicle after the burglary and taken to Kroger.  At Kroger, the defendant carried the water jug of coins into the store in order to redeem them for cash from a Coinstar machine.  The coins totaled over $700. For his participation in the crimes, the defendant was arrested, transferred to circuit court to be tried as an adult, and indicted on May 31, 2016.

On August 8, 2016, the defendant pled guilty to the Class D felony of theft of property over $1,000.[1] Tenn. Code Ann. § 39-14-103. The defendant's initial sentencing hearing was held on September 12, 2016, during which the trial court ordered the defendant submit to a drug test. The defendant failed the test, and the trial court revoked his bond. Subsequent to the bond revocation, the trial court next addressed the defendant's sentencing on October 24, 2016. At that time, the trial court again deferred sentencing the defendant until a treatment program was developed on his behalf. Ultimately, on November 16, 2016, the trial court sentenced the defendant to four years' probation for his theft conviction. The trial court suspended the defendant's sentence, placed him on judicial diversion, and ordered him to pay restitution to his victims in the amount of $533.90. The terms of the defendant's diversion also specifically required him to comply with all rules of Community Corrections, remain alcohol and drug free, submit to random, monthly drug screens, abide by a curfew, and have no contact with the victims. The defendant's probation term began November 1, 2016.

On December 29, 2016, a violation warrant was issued for the defendant for violating the terms of his diversion. The affidavit indicated the defendant violated diversion by "fail[ing] to remain arrest free." Specifically, the defendant was arrested for criminal activity committed on December 17, 2016. The trial court held a revocation hearing on February 21, 2017, during which the State provided evidence of the defendant's arrest. According to the record, the defendant and a friend met Jordan Murphy, the victim, in Madison County and attempted to buy firearms from him. When the victim refused to sell the guns to the defendant and his friend due to their juvenility, the defendant opened fire on the victim and attempted to rob him of the firearms. The defendant was then arrested "on December 20, 2016 on the charges of [a]ttempted 2nd [d]egree murder, [a]ggravated [r]obbery, and [e]mploying a [f]irearm in the [c]omission of a [d]angerous[f]elony." As a result of the criminal activity, the trial court terminated the defendant's diversion by order on February 27, 2017, and subsequently imposed a four-year sentence to be served in the Tennessee Department of Correction for his theft of property conviction.

The defendant now appeals the revocation alleging the trial court erred in revoking his diversion because the victim of the new arrest "was not actually struck [by the defendant's gunfire] despite [the defendant] being within arm's reach of him." In further support of his position, the defendant argues the victim exchanged money with the defendant and shot him during the exchange, and suggests "law enforcement could not find any incriminating evidence through a fingerprint analysis of the weapons taken from [the victim]." In response, the State argues revocation was warranted because in addition

---

[1]The defendant's aggravated burglary and vandalism charges were dismissed.

to the new arrest, the defendant also committed "several serious offenses in violation of state law." Upon our review of the record, we agree with the State.

Judicial diversion is a statutorily prescribed alternative to sentencing available to certain criminal defendants "who have entered a guilty or nolo contendere plea or have been found guilty of an offense without the entry of a judgment of guilt." *State v. King*, 432 S.W.3d 316, 323 (Tenn. 2014). A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. §§ 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at \*2 (Tenn. Crim. App. Sept. 27, 2013). If it is alleged that a defendant on judicial diversion has violated the terms and conditions of diversionary probation, the trial court should follow the same procedures as those used for ordinary probation revocations. Tenn. Code Ann. § 40-35-311; *State v. Johnson*, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999); *Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the record supports the trial court's decision to revoke diversion and impose a four-year sentence of confinement. On August 8, 2016, the defendant pled guilty to theft of property over $1000. On November 1, 2016, the defendant began serving a four-year suspended sentence on diversion. The terms of the defendant's diversion specifically required him to comply with all rules of Community Corrections, which included avoiding new arrests. In the State's revocation petition, it asserts the defendant violated a condition of probation in that he was arrested for new criminal offenses on December 20, 2016. A subsequent violation of community corrections warrant issued on December 29, 2016, and the State presented proof of the same at the probation revocation hearing on February 21, 2017. The defendant's present arguments do not dispute the underlying facts of his arrest, but rather seek to shift the blame of the underlying arrest, wherein the defendant attempted to shoot his victim and steal from him, in an effort to avoid revocation. As such, the defendant's arguments are without merit. Sufficient evidence exists to support the trial court's conclusion that the defendant violated the terms of his diversion by obtaining a new arrest and ordering the defendant to serve a four-year sentence in confinement. *Shaffer*, 45 S.W.3d at 554. The defendant is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion

when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE