IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2020

**FILED**
06/19/2020
Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. ADONIS REYNOLDS

**Appeal from the Criminal Court for Knox County**
**No. 111318   G. Scott Green, Judge**

_____

### No. E2019-01165-CCA-R3-CD
_____

The Appellant, Adonis Reynolds, pled guilty in the Knox County Criminal Court to two counts of burglary of a vehicle, one count of fraudulent use of a credit card, two counts of theft, and one count of evading arrest.  Pursuant to the plea agreement, he received an effective three-year sentence in the Tennessee Department of Correction (TDOC).  The trial court granted the Appellant judicial diversion and placed him on supervised probation for three years.  Subsequently, the trial court revoked his probation and his judicial diversion and ordered that he serve his effective three-year sentence in confinement.  On appeal, the Appellant contends that the trial court abused its discretion by revoking his probation and judicial diversion.  Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Forrest L. Wallace (on appeal and at trial), Knoxville, Tennessee, for the appellant, Adonis Reynolds.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.  Factual Background

The record reflects that on August 31, 2017, the then seventeen-year-old Appellant pled guilty in criminal court to two counts of burglary of a vehicle, a Class E felony; one

count of fraudulent use of a credit card involving a value more than $1,000 but less than $2,500, a Class E felony; one count of theft of property valued more than $1,000 but less than $2,500, a Class E felony; one count of theft of property valued $1,000 or less, a Class A misdemeanor; and one count of evading arrest, a Class A misdemeanor. Pursuant to the plea agreement, he received a one-year sentence for each felony conviction and an eleven-month, twenty-nine-day sentence for each misdemeanor conviction and was to serve three of the one-year sentences consecutively for a total effective sentence of three years. The Appellant also was to pay restitution in an amount to be determined later. The trial court granted the Appellant judicial diversion and placed him on supervised probation for three years.

On December 1, 2017, the trial court found that the Appellant had a positive drug screen and imposed fifty hours of community service. That same day, the trial court entered an order directing the Appellant to pay restitution in the amount of $559.20 to Enterprise Rent-A-Car. On January 18, 2018, the trial court entered an order transferring him from supervised probation to unsupervised probation. On January 30, 2018, the trial court entered an order stating that the Appellant had paid his restitution "in full" and that he was relieved of any further financial obligation to Enterprise.

On April 9, 2018, a violation of judicial diversion report was filed, alleging that the Appellant violated his probation and judicial diversion by failing to pay court costs, by claiming he was moving out of state, and by posting a video of himself on social media with drugs and an AR-15 rifle. A capias was issued, and the Appellant was arrested. On June 8, 2018, he was released from custody on his own recognizance but subject to random drug screens and supervised probation. The violation of judicial diversion report that was filed on April 9, 2018, remained pending.

On April 1, 2019, the violation of judicial diversion report was amended to include that the Appellant violated his probation and judicial diversion by being charged with attempted first degree murder and especially aggravated robbery. The trial court held a revocation hearing on May 2, 2019. During the hearing, defense counsel stipulated to the proof presented at the Appellant's preliminary hearing in general sessions court for the charges of attempted first degree murder and especially aggravated robbery, and the State introduced an audio recording of the preliminary hearing into evidence. The trial court advised the parties that it would to listen to the recording and scheduled a second probation revocation hearing for May 31, 2019.

According to the recording, Frank Harley, Jr., testified that at 12:37 a.m. on March 30, 2019, he was in his kitchen and heard five "loud bangs."[1] He described what he heard as "pow pow," followed by a short break, and then "pow pow pow." Harley went outside and saw the victim "clinging to life." The victim was staggering, and Harley asked him what had happened. The victim said he had been shot and showed Harley his shoulder and lower abdomen. A bystander called 911. On cross-examination, Harley testified that he saw only the victim and the victim's Volkswagen Jetta.

Eliezer Duque, the victim, testified that in March 2019, he was a high school senior at Hardin Valley Academy. On March 30, the victim was driving his friend home when he noticed a car following him. He said that the car "looked just like a cop car" and that he thought he was going to be pulled over by the police. The victim continued to his friend's house, dropped off his friend, and started driving back toward his own home. He said that an orange Dodge Charger, which was the same car that had been following him earlier, was waiting for him at an intersection. The car crossed in front of him and blocked the road.

The victim testified that the front passenger-side window of the Charger was down and that a male was sitting on the door's windowsill with his upper body outside the Charger and his legs inside the Charger. The male was pointing a gun at the victim, and the victim recognized him as a fellow student at Hardin Valley Academy. The male turned out to be Rashad Copeland. A second male got out of the back seat of the Charger and pointed a gun at the victim, and the victim recognized him as another student at Hardin Valley Academy. The second male approached the victim's car, and the victim rolled down his window "a little bit." The second male asked for the victim's money and "pods," which were devices that fit into e-cigarettes. The victim told the second male that he did not have anything, so Copeland said, "Let's go." At that point, the second male "started discharging his weapon." The victim said that the second male shot him multiple times and that he spent seven days in the hospital. He said he saw the driver of the Charger. During the preliminary hearing, the victim identified the Appellant as the driver.[2]

---

[1] We note that on November 15, 2019, this court granted the Appellant's motion to supplement the record with the audio recording of the preliminary hearing pursuant to Tennessee Rule of Appellate Procedure 24(a). The Appellant supplemented the record with the recording but did not include a transcript. Rule 24(a) provides that the record "shall consist of . . . the transcript or statement of the evidence or proceedings[.]" This court's order did not provide that the Appellant could supplement the record with the recording in lieu of the transcript. Therefore, the Appellant should have included the transcript.

[2] The record reflects that on March 30, 2019, the Appellant was nineteen years old.

On cross-examination, the victim testified that Copeland was holding onto the Charger with one hand and pointing a gun at the victim with his other hand. The victim acknowledged that if he had driven forward, his Jetta would have hit the passenger side of the Charger. The victim said that he had never had any trouble the with males prior to March 30, that the Appellant never got out of the Charger, and that he did not see the Appellant with a gun.

Detective Ken Clabough of the Knox County Sheriff's Office testified that he investigated the shooting and charged the Appellant; Copeland; the alleged shooter; and a fourth male with crimes related to the victim's shooting.[3] Detective Clabough interviewed the fourth male, who admitted to being in the Charger. The fourth male told Detective Clabough that the Charger began following the victim's Jetta on Interstate 40, that the Charger later blocked the Jetta, and that the Appellant was the driver of the Charger. At the conclusion of Detective Clabough's testimony, the State advised the trial court that it was proceeding with charges of attempted first degree murder and attempted especially aggravated robbery against the Appellant under a theory of criminal responsibility, and the case was bound over to the grand jury.

On May 31, 2019, the trial court found that the Appellant "was involved as the driver in some rather serious charges" and, therefore, that he violated the terms of his probation. The trial court revoked his probation and judicial diversion, ordered that he serve his effective three-year sentence in the TDOC with credit for time served in confinement, and entered judgments of conviction.

## II. Analysis

The Appellant claims that the trial court abused its discretion by revoking his probation and judicial diversion because there is insufficient proof that he knew a robbery or shooting was going to occur. He also contends that "the trial court's decision to impose such a harsh remedy under these unique circumstances was unwarranted and contrary to Tennessee law." The State argues that the trial court properly revoked the Appellant's probation and judicial diversion. We agree with the State.

Judicial diversion allows a trial court to defer proceedings against a qualified defendant, who has been found guilty, and place the defendant on probation. Tenn. Code Ann. § 40-35-313(a)(1)(A). If the defendant successfully completes probation, the defendant may apply to the court for expungement of records and dismissal of the charges. Tenn. Code Ann. § 40-35-313(b). However, if the defendant violates probation,

---

[3] The record reflects that some of the males were juveniles. Because it is the policy of this court to protect the identity of juveniles, we will not use their names.

the trial court may enter an adjudication of guilt and proceed to sentence the defendant. Alder v. State, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002) (citing Tenn. Code Ann. § 40-35-313(a)(2)).

Upon finding by a preponderance of the evidence that the Appellant has violated the terms of his probation, a trial court is authorized to order the Appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

Here, the victim testified that a Dodge Charger followed him as he was driving his friend home. After the victim dropped off his friend, the Charger pulled in front of the victim at an intersection and blocked the road. Two passengers in the Charger pointed guns at the victim, and one of them demanded money from him and shot him multiple times. The victim identified the Appellant as the driver of the Charger. Although the Appellant claims that the State failed to show he knew a robbery or shooting was going to occur, the Appellant's pulling the Charger in front of the victim's car, which forced the victim to stop and prevented his escape, shows that the Appellant knew his passengers were planning to rob the victim. Accordingly, the trial court had sufficient evidence to conclude by a preponderance of the evidence that the Appellant violated his probation by committing attempted first degree murder and attempted especially aggravated robbery. The trial court did not abuse its discretion by revoking his probation and judicial diversion.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE