IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2023

**STATE OF TENNESSEE v. JOHN BUTLER**

**Appeal from the Criminal Court for Shelby County**
**Nos. W2100939, W2100942, C2104512, C1204513    Paula L. Skahan, Judge**
_____

**No. W2023-00566-CCA-R3-CD**
_____

ROBERT H. MONTGOMERY, JR., J., concurring in the results.

I concur in the majority's conclusion that the trial court acted within its discretion in revoking the Defendant's judicial diversion probation and imposing a three-year sentence. I part ways with my fellow panel members in my reasoning for this conclusion.

"In judicial diversion cases, no judgment of conviction is entered, and a sentence is imposed only in the instance that the defendant fails to successfully complete the period of probation pursuant to the grant of judicial diversion." *State v. Dycus*, 458 S.W.3d 918, 928 (Tenn. 2015); see T.C.A. § 40-35-313(a)(1)(A), (a)(2) (2019) (subsequently amended). Tennessee Code Annotated section 40-35-313(a)(2) governs revocation of probation for a defendant placed on judicial diversion. In pertinent part, the statute provides, "Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided." T.C.A. § 40-35-313(a)(2); *see State v. Judkins*, 185 S.W.3d 422, 425 (Tenn. Crim. App. 2005) (interpreting "proceed as otherwise provided" in Code § 40-35-313(a)(2) to authorize the trial court, upon revocation of judicial diversion, to impose a sentence consistent with the Sentencing Reform Act).

The enactments of 2016 Public Acts, chapter 906 and 2021 Public Acts, chapter 409, sections 24 and 25 provided for graduated sanctions for probationers who committed technical violations, thereby amending Code section 40-35-311(e)(1), but these enactments did not amend the Code section 40-35-313(a)(2), which forms the basis for sentencing of a defendant previously on judicial diversion probation upon the revocation of his diversion. "[S]pecific statutory provisions control over general provisions." *Martin v. Powers*, 505 S.W.3d 512, 524 (Tenn. 2016) (citing *Lovelace v. Copley*, 418 S.W.3d 1, 20 (Tenn. 2013)). I presume that when the Legislature enacted the 2016 and 2021 amendments, it was aware of its prior enactments, of existing law, and of how the courts of this state have previously construed those prior enactments. *See, e.g., New v. Dumitrache*, 604 S.W.3d 1, 14 (Tenn.

2020). As a result, the graduated sanction provisions do not apply to the Defendant in this case, who was placed on judicial diversion probation. Based upon my reading of the majority opinion, I surmise that the other members of this panel disagree with my conclusion that the graduated sanctions of the current probation statute do not apply to individuals who were ordered to complete a term of probation in conjunction with a grant of judicial diversion, without regard to the timing of the offense in relation to the enactment of the graduated sanctions provisions. This procedure is in contrast with the procedure applicable to those individuals who have been convicted of an offense and who were ordered to serve a sentence involving probation, to which the graduated sanctions provisions now apply.

The Defendant in the present case was granted judicial diversion and, although adjudicated guilty, no judgment and sentence were imposed. *See* T.C.A. § 40-35-313(a)(1)(A). Rather, he was given a term of probation to complete and, if he did so successfully, the court would have been required to discharge him and dismiss the criminal proceedings against him. *See id*. at (a)(2) ("If, during the period of probation, the person does not violate any of the conditions of the probation, then upon expiration of the period, the court shall discharge the person and dismiss the proceedings against the person."). The procedure for revocation of judicial diversion remains unchanged; whereas, the procedure for defendants placed on probation after entry of a judgment and sentencing proceedings is governed by the more general provisions of Code section 40-35-311, which include graduated sanctions for technical violations. *See Martin*, 505 S.W.3d at 524.

If the trial court finds that a defendant has violated the terms of his judicial diversion probation, it may enter a judgment of guilt and sentence the defendant in accord with the Sentencing Reform Act. *See id.* § 40-35-313(a)(2) ("Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided."); *State v. Johnson*, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999) (stating that a trial court which revokes a defendant's judicial diversion shall sentence the defendant in accord with the Sentencing Reform Act and enter a judgment of conviction); *State v. Brys Drew Hensley*, No. E2012-00812-CCA-R3-CD, 2013 WL 793579, at *2 (Tenn. Crim. App. Mar. 4, 2013) (stating that if a defendant on judicial diversion probation violates a term of probation, the State may seek to revoke diversion, the trial court may revoke diversion, and upon revocation, the court shall sentence the defendant according to the Sentencing Reform Act) (citing *Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002)).

Because the Defendant was placed on probation in conjunction with a grant of judicial diversion, the trial court was authorized to revoke the grant of diversion upon a showing that the Defendant had violated a term of his probation. *See* T.C.A. § 40-35-313(a)(2). The court found that violations of the terms of probation alleged in the revocation warrant had occurred. The court determined that revocation of diversion and

entry of an adjudication of guilt was appropriate and proceeded to sentence the Defendant to an effective three-year incarcerative sentence. *See id*. § 35-13-313(a)(2); *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022); *Alder*, 108 S.W.3d at 266. The Defendant does not argue that the court erred in the imposition of the sentence once it revoked judicial diversion. The record does not demonstrate that the court abused its discretion. *See State v. Pollard,* 432 S.W.3d 851, 859 (Tenn. 2013) (providing for appellate review to challenges to the length of a sentence within the appropriate sentence range to be conducted "under an abuse of discretion standard with a 'presumption of reasonableness.'"); *Dagnan*, 641 S.W.3d at 757 (providing that a trial court's determination regarding a probation revocation is reviewed for abuse of discretion).

With this rationale, I concur in the result reached by the majority.


_____
ROBERT H. MONTGOMERY, JR., JUDGE

- 3 -