# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE

Assigned on Briefs January 10, 2024

## STATE OF TENNESSEE v. DANNY R. WELD-EBANKS

**Appeal from the Criminal Court for Davidson County
No. 2019-C-2194    Barry R. Tidwell, Judge**

_____

### No. M2022-01665-CCA-R3-CD

_____

Defendant, Danny R. Weld-Ebanks, appeals the Davidson County Criminal Court's revocation of judicial diversion. He argues that the trial court relied on unnoticed grounds and abused its discretion in revoking his diversion. The State concedes on both issues. We agree that the trial court abused its discretion in revoking Defendant's diversion and therefore vacate the judgment of the trial court and remand for a new revocation hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Vacated and Case Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Nick McGregor, Nashville, Tennessee, for the appellant, Danny R. Weld-Ebanks.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Macy Pesavento, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual and Procedural History*

A Davidson County grand jury indicted Defendant in 2019 for one count of vehicular homicide by reckless conduct and two counts of felony reckless endangerment. The charges stemmed from an incident in 2019 at the junction of Interstates 24 and 40 in Davidson County, in which Defendant was traveling at speeds of "over a hundred miles

per hour" and weaving in and out of traffic.  Defendant crashed into another vehicle, taking the life of that vehicle's driver.  Pursuant to a negotiated plea agreement, Defendant pleaded guilty in 2020 to vehicular homicide, and the reckless endangerment charges were dismissed.  Per the agreement, Defendant received a three-year sentence, all suspended but thirty days, and received judicial diversion.

In August 2022, a diversion violation warrant was issued that alleged that Defendant had violated "Rule #8" of the rules of diversion[1] by failing to report new criminal charges to his probation officer.  Defendant had been cited for several traffic offenses including careless driving, unlawful use of a license plate, driving an unregistered vehicle, and motor vehicle noise.  An amended violation warrant was issued in September 2022 alleging that Defendant had been indicted for four counts of rape, in violation of "Rule #7" of diversion, which forbade Defendant from garnering new criminal charges.

The trial court held a diversion revocation hearing in November 2022.  The State presented no witnesses at the hearing.  The State submitted the violation warrants and a certified copy of the traffic citation Defendant was issued.  Defendant had signed the citation, which was made an exhibit to the hearing.  Underneath the signature line on the citation appear the words "NOT AN ADMISSION OF GUILT."  As to the rape charges, the State told the trial court that the victim lived out of state and was not present at the hearing.[2]

Regarding whether Defendant had violated the terms of his diversion, the State argued that Defendant's citation and indictments were sufficient to find that he had violated the terms of his diversion.  Defendant argued that the indictments and citation standing alone were not proof that Defendant had violated the terms of his diversion and that the State had not met its burden absent testimony from witnesses with personal knowledge of the events giving rise to the violation warrants.

The trial court, relying on the traffic citation, found that Defendant had violated the terms of his diversion by engaging in criminal activity.  The trial court noted that the name and birthdate on the citation were the same as Defendant's as reflected on the deferral order.  The trial court found that "the State[] carried their burden of proof by preponderance of the evidence" based on the citation.  Later, the trial court clarified that its decision as to the violation was based on the traffic citation rather than the rape charges because no proof had been offered as to the rape allegations.

---

[1] The conditions of Defendant's diversion are not in the record before us.
[2] The State did not introduce the rape indictments as exhibits at the hearing.

As to the consequence for violating, the State argued that reinstating Defendant's diversion was inappropriate in light of the facts that Defendant committed new traffic offenses while on diversion for a vehicular homicide and that he had been indicted for four counts of rape. Defendant requested a time-served sentence, noting that he had been in custody for two months at the time of the hearing.

The trial court stated it was "beside itself" that Defendant had been granted diversion for vehicular homicide based on reckless conduct and had been cited for traffic offenses that were similar to the conduct that gave rise to the vehicular homicide. For this reason, the trial court terminated Defendant's diversion and sentenced him to three years' confinement. Defendant timely appeals.

## *Analysis*

Defendant argues on appeal that the trial court improperly relied on grounds not noticed and that the trial court abused its discretion in revoking his diversion. The State concedes on both fronts. We disagree with both parties as to the notice claim. However, we agree with both Defendant and the State that the trial court abused its discretion in revoking Defendant's diversion.

### *Reliance on Grounds Not Alleged in Warrant*

Judicial diversion operates much like probation. T.C.A. § 40-35-313(a)(1)(A), (a)(2). As in the probation context, a trial court may revoke judicial diversion if it finds by a preponderance of the evidence that the defendant has violated the conditions of his diversion. *Id.* § 40-35-311(e)(2); *see Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002) ("If it is alleged that a defendant on judicial diversion has violated the terms and conditions of diversionary probation, the trial court should follow the same procedures as those used for ordinary probation revocations."). Defendants are entitled to "minimum due process rights" in probation revocation proceedings. *State v. Yoc*, No. M2018-00585-CCA-R3-CD, 2020 WL 672293, at *5 (Tenn. Crim. App. Feb. 11, 2020) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)), *no perm. app. filed*. This includes written notice of the alleged violations. *Id.* Generally, revoking a defendant's probation "based on grounds not alleged and noticed to the defendant is a violation of due process." *State v. Conyers*, No. E2004-00360-CCA-R3-CD, 2005 WL 551940, at *4 (Tenn. Crim. App. Mar. 9, 2005), *no. perm. app. filed*. Actual notice is sufficient, however, in the relaxed due process context of a probation revocation proceeding. *Yoc*, 2020 WL 672293, at *5.

We note that Defendant did not object at the hearing on due process grounds. Rather, Defendant argued that the citations themselves were not a sufficient basis for revocation. Thus, this issue is waived for our consideration. *See State v. Dobbins*, 754

S.W.2d 637, 641 (Tenn. Crim. App. 1988) ("It is elementary that a party may not take one position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason in this Court.").

In any event, we conclude that Defendant received actual notice that the trial court based its decision to revoke his diversion on the citation. *See Yoc*, 2020 WL 672293, at *5. This is evident in Defendant's argument to the trial court that the citation itself was insufficient proof of a violation. "Although written notice may be preferred, we conclude that [Defendant] was not prejudiced, misled, or surprised by the court's failure to issue written notice." *State v. Wolford*, No. 03C01-9708-CR-00319, 1999 WL 76447, at *7 (Tenn. Crim. App. Feb. 18, 1999), *perm. app. denied* (Tenn. Sept. 20, 1999). Defendant is not entitled to relief on this basis.

*Revocation Decision*

We review a trial court's decision to revoke probation (or in this case, diversion) for abuse of discretion with a presumption of reasonableness "so long as the trial court places sufficient findings and the reasons for its decision[] as to the revocation . . . on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). A trial court may not, however, rely solely "on the mere fact of an arrest or an indictment to revoke a defendant's probation." *State v. Winn*, No. M2009-00094-CCA-R3-CD, 2010 WL 2516855, at *2 (Tenn. Crim. App. June 22, 2010), *no perm. app. filed*. The State must "produce evidence in the usual form of testimony" to prove the violation by a preponderance of the evidence. *Id.* at *2-3 (citations and quotations omitted).

The record reveals that is precisely what happened here. The State's only proof at the hearing was the citation with Defendant's name and birthdate. The State offered no witnesses to establish that Defendant had not reported the citation to his probation officer. In fact, the State did not offer *any* witnesses to prove that Defendant had violated the terms of his diversion. As described above, our law requires more. The trial court abused its discretion in revoking Defendant's diversion based only on the citation, and we therefore vacate its judgment. *See Winn*, 2010 WL 2516855, at *2; *Dagnan*, 641 S.W.3d at 759. On remand, the State cannot meet its burden without proffering more evidence besides the citation itself.

*Remedy*

Defendant asks that we remedy this error by reinstating his diversion. The proper remedy, however, is to remand this case for a new revocation hearing. *See, e.g., State v. Harris*, No. W2021-00229-CCA-R3-CD, 2022 WL 522888, at *4 (Tenn. Crim. App. Feb. 22, 2022) (remanding for a new revocation hearing where the evidence was insufficient to

support revocation), *no perm. app. filed*. We see no reason to chart a different course here. We therefore remand this case for a new revocation hearing.

## CONCLUSION

Defendant waived his argument that the trial court violated his due process rights by relying on grounds not noticed to find him in violation of his probation. However, the trial court abused its discretion in revoking Defendant's probation solely based on the citation. We therefore vacate the judgment of the trial court and remand this case for a new revocation hearing consistent with this opinion.

_____
TIMOTHY L. EASTER, JUDGE