IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Jackson October 1, 2024

**STATE OF TENNESSEE v. JACOB WYATT ALLEN**

**Appeal from the Circuit Court for Rutherford County**
**No. 86069    Howard W. Wilson, Chancellor**

———————————————————

**No. M2023-01379-CCA-R3-CD**

———————————————————

Jacob Wyatt Allen, Defendant, appeals from the revocation of judicial diversion after subsequent arrests for driving under the influence, aggravated criminal trespass, driving on a revoked license, driving under the influence, violation of the motorcycle helmet law, and violation of an ignition interlock system. Because the trial court did not abuse its discretion, we affirm the revocation of judicial diversion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and MATTHEW J. WILSON, JJ., joined.

Joshua Weiss (on appeal); and Leah Wilson (at plea and revocation hearing), Murfreesboro, Tennessee, for the appellant, Jacob Wyatt Allen.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Sarah Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant pled guilty to one count of aggravated animal cruelty on July 12, 2022. At the plea hearing, the State explained that had the matter gone to trial, the State would have proven that Defendant and his girlfriend were intoxicated and got into an argument during which Defendant picked up his girlfriend's kitten and threw it to the ground, killing the kitten. Defendant then attempted to kill himself by cutting his own throat with a knife. The trial court granted Defendant's request for judicial diversion and placed Defendant on one year of supervised probation.

Subsequently, Defendant's probation officer filed a violation of probation warrant on October 31, 2022, alleging that Defendant violated multiple rules of probation when he was arrested for driving under the influence ("DUI") in Chattanooga. On March 24, 2023, Defendant's probation officer filed a second violation of probation warrant alleging that Defendant violated a rule of probation when he was arrested for aggravated criminal trespass for his presence on the campus of the University of Tennessee at Chattanooga after the school banned Defendant from campus. Defendant's probation officer filed an affidavit alleging a third violation of probation on July 25, 2023, after Defendant violated multiple rules of probation when he was arrested for DUI; driving on a revoked, suspended, or canceled license; violation of the motorcycle helmet law; and a violation of an ignition interlock device.

At a hearing, Defendant conceded that he violated probation. Defendant's mother, Rachel Allen, testified at the hearing that Defendant graduated in May of 2023 from Chattanooga State Community College with an engineering degree in radiation protection. Defendant aspired to work in "nuclear at TVA in [ ] radiation protection" but would be unable to do so if he had a felony on his record.

Mrs. Allen noted that Defendant worked at a full-time job starting as a teenager and that he was currently working at Home Depot. Defendant lived with his parents in their home near Chattanooga at the time of the hearing. Mrs. Allen testified that Defendant completed the community service work required for his recent aggravated criminal trespass conviction but also noted that Defendant was on house arrest with an alcohol and GPS monitor and was only permitted to go to work, home, and court. Mrs. Allen testified that Defendant had a conviction for DUI and was released on bond for a pending DUI and other charges in Hamilton County, at the time of the revocation hearing. She admitted that Defendant probably had an alcohol problem and had ADHD and behavior management with impulsivity. Mrs. Allen assured the court that Defendant's family and friends would "provide any resources that [Defendant] needs to help him" succeed.

Defendant testified that he planned to seek help for his alcohol, impulse, and decision-making problems. Defendant acknowledged that he was banned from the campus of the University of Tennessee at Chattanooga because he lived on campus with his girlfriend even though he was not a student. Defendant admitted his car had an ignition interlock device because of his first DUI conviction, and he was driving his motorcycle when he was arrested for his most recent DUI.

The trial court noted that Defendant "had the opportunity to be placed on diversion." The trial court also noted that as part of that diversion, Defendant was ordered to complete a twenty-six-week batterer's intervention program, seek mental health treatment, pay

restitution, and complete a drug and alcohol assessment. The trial court noted that the program was not completed, but that Defendant had "taken some action" to seek mental health treatment. The trial court commented that Defendant may or may not have paid restitution and had failed to complete the drug and alcohol assessment. In fact, the trial court specifically recognized that Defendant only received treatment for his alcohol problem after he pled guilty to his first DUI and was ordered to attend a DUI class. The trial court reminded Defendant that he had been given a "once-in-a-lifetime opportunity" at diversion but that he had squandered that opportunity by violating the rules of his probationary sentence. The trial court terminated Defendant's diversion and sentenced Defendant to supervised probation, additionally ordering Defendant to complete a drug and alcohol assessment and find an outpatient alcohol program.

Defendant appealed.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion in revoking Defendant's judicial diversion. Specifically, Defendant complains that the State did not provide any evidence or testimony at the revocation hearing, effectively placing the burden on Defendant to demonstrate why his diversion should not be revoked. Defendant also complains that the trial court predetermined that it would revoke diversion if Defendant violated his probation, effectively denying Defendant due process of law. Finally, Defendant argues the trial court failed to set forth sufficient reasoning for revoking judicial diversion. The State submits that the evidence was sufficient to revoke diversion where Defendant conceded to the violations. Moreover, the State insists that the trial court did not abuse its discretion. Finally, the State argues that Defendant waived any claim that the trial court violated due process for "predetermining at the plea hearing that it would revoke his diversion if he violated probation" because Defendant raised the issue for the first time on appeal.

Judicial diversion operates much like probation. T.C.A. § 40-35-313(a)(1)(A), (a)(2). As in the probation context, a trial court may revoke judicial diversion if it finds by a preponderance of the evidence that the defendant has violated the conditions of his diversion. *Id.* § 40-35-311(e)(2); *see Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002) ("If it is alleged that a defendant on judicial diversion has violated the terms and conditions of diversionary probation, the trial court should follow the same procedures as those used for ordinary probation revocations."). Defendants are entitled to "minimum due process rights" in probation revocation proceedings. *State v. Yoc*, No. M2018-00585-CCA-R3-CD, 2020 WL 672293, at *5 (Tenn. Crim. App. Feb. 11, 2020) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)), *no perm. app. filed*.

- 3 -

We review a trial court's decision to revoke probation (or in this case, diversion) for abuse of discretion with a presumption of reasonableness "so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). "The trial court's findings do not have to be particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *See id.* at 759. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

Here, Defendant conceded to the violations. His admissions in this regard are sufficient proof of the violations. *See e.g.*, *State v. Verner*, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App., May 31, 2016) (citing *State v. Burnette*, No. 03C01-9608-CR-00314, 1997 WL 414979, at *2 (Tenn. Crim. App., July 25, 1997)), *perm. app. denied* (Tenn. Sept. 30, 2016); *see State v. Horton*, No. M2014-02541-CCA-R3-CD, 2015 WL 4536265, at *3 (Tenn. Crim. App., July 28, 2015) (stating that a defendant who admitted violating the terms of his probation conceded an adequate basis for finding of a violation), *no perm. app. filed*; *State v. Braden, III*, No. M2014-01402-CCA-R3-CD, 2015 WL 2445994, at *2 (Tenn. Crim. App., May 22, 2015), *no perm. app. filed*; *State v. Armour*, No. E2003-02907-CCA-R3-CD, 2004 WL 2008168, at *1 (Tenn. Crim. App., Sept. 9, 2004) ("Essentially, then, the defendant conceded an adequate basis for a finding that he had violated the terms of probation."), *no perm. app. filed*. The record contains sufficient evidence of the violation justifying the revocation of diversion.

Moreover, the trial court placed adequate findings on the record to support the revocation of diversion. We thus review the revocation under an abuse of discretion standard with a presumption of reasonableness. Reminding Defendant that he was given a "once-in-a-lifetime opportunity" at diversion, the trial court noted that Defendant failed not once, not twice, but three times by committing new offenses. The trial court also found that Defendant failed to complete the batterers' intervention program, seek mental health treatment, pay restitution, and complete a drug and alcohol assessment as required by the terms of his diversion. The trial court did not abuse its discretion in revoking diversion and placed adequate findings on the record.

Lastly, Defendant alleges that the trial court violated due process by "predetermining" the revocation at his guilty plea hearing. Specifically, Defendant points to the trial court's statement during the guilty plea hearing where the trial court told Defendant if he "violate[d] the terms of [the] diversion Order, this Court is just simply going to enter a conviction, and sentence [Defendant] as stated in those documents."

Defendant did not object at the hearing on due process grounds, waiving this issue for our consideration in the absence of plain error. *See* Tenn. R. App. P. 36(b); *State v. Dobbins*, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988) ("It is elementary that a party may not take one position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason in this Court."). Initially, Defendant did not seek plain error review on appeal. However, in a reply brief, Defendant asks this Court to review the due process issue for plain error. For this Court to find plain error,

> (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). An appellate court need not consider all the criteria when the record demonstrates that one of the criteria cannot be established. *State v. Vance*, 596 S.W.3d 229, 254 (Tenn. 2020). Here, Defendant claims that the trial court violated due process by imposing a predetermined sentence after he conceded that he violated the terms of judicial diversion. To the contrary, after Defendant conceded the violation, the trial court also found that Defendant failed to complete other tasks that were required for his satisfactory completion of diversion. The trial court did not impose a predetermined sentence. Therefore, Defendant cannot show that a clear and unequivocal rule of law was breached, and he is not entitled to plain error review.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE